**FILED**

December 31 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0373

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 456N

IN THE MATTER OF S.C., B.C. and J.C.,

Youths in Need of Care.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause Nos. DN 06-18, DN-06-19,
and DN-06-20
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Joslyn Hunt, Chief Appellate Defender; Taryn Stampfl Hart, Assistant
Appellate Defender, Helena, Montana

For Appellee:

Steve Bullock, Montana Attorney General; John Allan Paulson, Assistant
Attorney General, Helena, Montana

Submitted on Briefs: December 2, 2009

Decided: December 31, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Father appeals the District Court's order terminating his parental rights to his three minor children. We affirm.

¶3     Ravalli County sheriff deputies arrested father on drug related charges. The mother of two of his children and the mother of his third all voluntarily terminated their parental rights. The Department of Public Health and Human Services (Department) filed a petition for emergency protective services and temporary legal custody of the three children on November 21, 2006. Father stipulated to the fact that his children qualified as youths in need of care and the District Court granted temporary legal custody to the Department.

¶4     The court approved the Department's proposed treatment plan for father. Father's counsel raised concerns at the hearing that the treatment plan for father contained provisions that could prove difficult for father to complete due to his impending incarceration. Father was incarcerated at the Ravalli County Detention Center at the time of the disposition hearing. Father was scheduled to enter a guilty plea to criminal drug charges the next day.

¶5     Following his entry of a guilty plea to the drug related charges, father was removed from the Ravalli County Detention Center to the Montana State Prison. He stayed at the

2

Montana State Prison from May 2007 to December 2008. The Department of Corrections then transferred father to the Nexus facility, an intensive drug treatment program, in Lewistown, Montana. Father's anticipated release date from the program was September 2009. At that point, father would become eligible for transfer to a pre-release program in Missoula for a term of between four and six months.

¶6 Father encountered difficulties in completing some of the tasks in his treatment plan due to his incarceration. The Department eventually sought to terminate father's parental rights based upon his failure to complete his treatment plan, father's extended incarceration, and the fact that father had subjected the children to aggravating circumstances, including abandonment, chronic abuse, and severe neglect. The court terminated father's parental rights. The court rejected the request by father that the minor children be placed with his mother in Indiana. The Department had investigated the possible placement of one of the children with a grandmother in Indiana, but ultimately recommended against it. The court agreed and left the final placement determination to be made by the minor children's legal custodians. Father appeals.

¶7 Father argues on appeal that the District Court improperly terminated his parental rights based upon a treatment plan that included provisions that were impossible for him to complete due to his incarceration. Father points to this Court's decision in *In re A.T.*, 2003 MT 154, ¶ 23, 316 Mont. 255, 70 P.3d 1247, in which the Court stated that the Department cannot "trap a parent into an inability to successfully complete the program within the time allotted."

3

¶8 The Department counters that our more recent decision in *In re A.N.W.*, 2006 MT 42, ¶ 49, 331 Mont. 208, 130 P.3d 619, supports termination based upon father's extended period of incarceration regardless of whether he completed his treatment plan. The Department argues that its petition to terminate father's parental rights rested on both § 41-3-609(4)(c), MCA (termination based on long term incarceration), and § 41-3-609(1)(f), MCA (termination based on failed treatment plan).

¶9 We review an order terminating parental rights for abuse of discretion. *Matter of C.M.C.*, 2009 MT 153, ¶ 19, 350 Mont. 391, 208 P.3d 809. We agree with the Department that father's long term incarceration provided an independent basis for terminating father's parental rights, separate and apart from the issue of father's compliance with the treatment plan. As a result, we have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact and the District Court correctly applied the law in terminating father's parental rights.

¶10 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA O. COTTER

4

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART